IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLENA MANKO,

     Petitioner,

v.                                          No. 2:26-cv-0749-KG-KRS

PAMELA BONDI, Attorney General of the United States;
SECRETARY, U.S. Department of Homeland Security;
MARY DE ANDA-YBARRA, El Paso Field Office Director,
Immigration and Customs Enforcement; TODD LYONS,
Acting Director of Immigration and Customs Enforcement; and
WARDEN, Otero County Processing Center,

     Respondents.[1]

ORDER TO ANSWER

Before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (Doc. 1) (Petition).   Petitioner is detained at the Otero County Processing Center

in Chaparral, New Mexico and is proceeding *pro se*.   Petitioner states she arrived in the United

States in January 2015 on a visa and has remained in the United States.   (Doc. 1) at 9.   She was

detained by Immigration and Customs Enforcement (ICE) on June 13, 2025 when she appeared

for an asylum interview.   *Id.*   She states she received a removal order from an Immigration

Judge and the appeal deadline has passed.   *Id.* at 6.   Petitioner alleges she has been in detention

---

[1] The Court adds/substitutes the above-mentioned parties as Respondents in this case.   *See
Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the
Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases");
*Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper
party respondent in a habeas case).

more than six months since her removal order became final, and that ICE's attempts to remove her have been unsuccessful. *Id.* at 6, 9-10. She seeks release from custody. *Id.* at 7.

Having conducted an initial review of the Petition, the Court finds it states a colorable claim for relief. The Petition relies on 8 U.S.C. § 1231(a) and *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001), which govern the timeline for removal and ICE detention after issuance of a final order of removal. *Zadvydas* holds that where immigration officials are attempting to effectuate a removal, detention is presumptively reasonable for six (6) months. 533 U.S. at 682. However, "[a]fter this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut th[e] showing" that the custody is unconstitutional. *Id.* at 701.

The Clerk's Office has electronically served a copy of the Petition in this matter on all federal respondents by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system. *See* (Doc. 2). The United States Attorney's Office (USAO) shall answer the Petition (Doc. 1) within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted. *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition). Petitioner may file an optional reply within ten (10) business days after the answer brief is filed.

IT IS THEREFORE ORDERED that:

1. The United States Attorney's Office must answer the Petition (Doc. 1) within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted;

2. If Petitioner wishes to file an optional reply, she must do so within ten (10) business days after Respondents' response is filed; and

3. The Clerk's Office shall add the additional party Respondents set forth in the caption of this Order to the docket of this case.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

3