IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLENA MANKO,

     Petitioner,

v.                                          No. 2:26-cv-00749-KG-KRS

MARY DE ANDA-YBARRA, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Olena Manko's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 7. For the reasons below, the Court grants the habeas petition and orders Petitioner's immediate release.

### I.    *Background*

Petitioner, a citizen of Ukraine, entered the United States in 2015 on a B-1 visitor visa. Docs. 1 at 9, 7 at 2. On June 13, 2025, Petitioner appeared for a scheduled interview to assess her eligibility for political asylum. Doc. 1 at 9. Upon Petitioner's arrival, Immigration and Customs Enforcement ("ICE") agents detainer her. *Id.* At the outset of her detention, an Immigration Judge ("IJ") determined that Petitioner was not eligible for release on bond. *Id.* On September 8, 2025, an IJ pretermitted Petitioner's asylum application and ordered her removed from the United States. Doc. 7 at 2–3. Petitioner did not appeal. *Id.*

Petitioner alleges that, in November 2025, ICE informed her that it "had a plane going to Poland for Ukrainians," but she was "never taken to the plane." Doc. 1 at 9. In December 2025, ICE agents told Petitioner that they were "going to send" her "to a country of [her] choice." *Id.* Petitioner requested removal to Romania. *Id.*

Petitioner seeks immediate release. She argues that she has been detained for more than

1

six months and that her removal is not reasonably foreseeable.  Doc. 1 at 6.  Respondents claim

that the Department of Homeland Security ("DHS") is "gathering guidance to see if it may

remove Petitioner to Poland."  Doc. 3 at 7.

## II.      *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical

confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is

available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties

of the United States."  28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.     *Analysis*

Ms. Salazar's detention violates due process.  "[T]he Government ordinarily secures [a

noncitizen]'s removal during" the 90 days after a removal order becomes administratively final.

*Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1).  A removal order becomes

administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the

expiration of the time to appeal if no appeal is filed.  *See* 8 C.F.R. § 1241.1(a)–(b).  During the

90-day "removal period," the noncitizen is typically detained.  *Zadvydas*, 533 U.S. at 682.  After

that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure

their removal.  *Id.*; 8 U.S.C. § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth

Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued

detention is no longer authorized."  *Zadvydas*, 533 U.S. at 690, 699.  A six-month detention

period is presumptively reasonable.  *Id.*  After that, if the noncitizen "provides good reason to

believe that there is no significant likelihood of removal in the reasonably foreseeable future,"

the Government "must...rebut that showing" or release the noncitizen.  *Id*. at 701.  "[F]or

2

detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

Under these principles, the *Zadvydas* burden-shifting framework applies. Petitioner did not appeal the IJ's removal order. It therefore became administratively final on October 8, 2025, upon expiration of the 30-day appeal period. Petitioner has been detained for just over six months since that date.

Next, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. She asserts that removal to Ukraine is not possible due to the ongoing war. *Id.* She further alleges that ICE has repeatedly postponed her removal and has indicated that a plane may be available in April or May. *Id.* These allegations are sufficient to meet her initial burden.

The Government fails to rebut Petitioner's showing. It does not dispute her allegations and states that DHS is "gathering guidance" regarding Petitioner's possible removal to Poland. Doc. 7 at 3. That is not enough. The Government offers no timeline, no confirmed destination, and no evidence that removal is imminent. It therefore fails to show that removal is reasonably foreseeable. *See Momennia v. Bondi*, 2025 WL 3011896, at *10 (W.D. Okla.) ("[M]ere intent to find a third country," absent "specific communications between the United States and an identified country" is "too speculative to permit indefinite detention"), *R&R adopted*, 2025 WL 3006045 (W.D. Okla.); *Vargas v. Noem*, 2025 WL 2770679, at *3 (D. Kan.) (same).

### IV.    *Conclusion*

Because Petitioner has shown good reason to believe that her removal is not significantly

likely in the reasonably foreseeable future, and because Respondents have not rebutted that

showing, her continued detention violates § 1231(a).  The Court orders the Government to

release Petitioner within seven (7) business days of this Order.  The Government shall file a

status report within ten (10) business days demonstrating compliance.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

4